**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-2165**

───────────

FRED T. CAPERTON, III; THIRTY THREE, INC.; APPEARANCE
LANDSCAPING & MAINTENANCE, INC.,

       Plaintiffs - Appellants,

      v.

VIRGINIA DEPARTMENT OF TRANSPORTATION; EMMETT R. HELTZEL;
ANGELIKA BABB,

       Defendants - Appellees.

───────────

Appeal from the United States District Court for the Western District of Virginia, at
Charlottesville. Glen E. Conrad, Chief District Judge. (3:15-cv-00036-GEC)

───────────

Submitted: March 30, 2017               Decided: April 7, 2017

───────────

Before WILKINSON, KING, and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Michael J. Kalish, WALSH, COLUCCI, LUBELEY & WALSH, P.C., Woodbridge,
Virginia, for Appellants. Mark R. Herring, Attorney General of Virginia, Jeffrey M.
Bourne, Deputy Attorney General, Jeffrey R. Allen, Senior Assistant Attorney General,
William Brice Fiske, Grant E. Kronenberg, Assistant Attorneys General, Richmond,
Virginia, for Appellees.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred T. Caperton, III, Thirty Three, Inc., and Appearance Landscaping & Maintenance, Inc. (collectively, Appellants) appeal the district court's order denying their motion for leave to file an amended complaint. Finding no error, we affirm.

We generally review for abuse of discretion a district court's denial of a motion to amend a complaint, whether it is filed before or after judgment. *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc). However, because the district court denied Appellants' "motion on grounds of futility, we employ the same standard that would apply to our review of a motion to dismiss." *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). Thus, we accept factual allegations in the proposed amended complaint as true and "draw all reasonable inferences in favor of the plaintiff[s]." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (internal quotation marks omitted). The proposed amended complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

To state a procedural due process claim, Appellants "must show (1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate."[*]

---

[*] Appellants briefly contend that they were not required to satisfy this test; however, they failed to raise this contention before the district court, and thus have forfeited appellate review of this contention. *See In re Under Seal*, 749 F.3d 276, 285 (Continued)

3

*Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012). The district court assumed that Appellants alleged a cognizable liberty interest. *See Sciolino v. City of Newport News*, 480 F.3d 642, 646 (4th Cir. 2007). To demonstrate a deprivation of that interest, Appellants "must demonstrate that [their] reputational injury was accompanied by a state action that distinctly altered or extinguished [their] legal status." *Shirvinski*, 673 F.3d at 315.

We conclude that the district court did not err in holding that Appellants' proposed amended complaint failed to meet this standard. Appellants alleged hypotheticals—that the Virginia Department of Transportation (VDOT)'s non-responsibility finding *might* be used against them in a future contract bid because a state agency *might* use VDOT's finding in declining to award them a contract. However, Appellants failed to allege that they have actually applied for a government contract and that their application was denied on the basis of this finding. *See id.* at 316 (holding that a government subcontractor "must show that the government altered his status under law by either (1) formally or automatically excluding him from a category of future government contracts or from other government employment opportunities, or (2) largely precluding him from pursuing his chosen career" (alterations and internal quotation marks omitted)). Moreover, Appellants failed to allege that the non-responsibility finding will

---

(4th Cir. 2014). Additionally, Appellants only raise arguments concerning their claims challenging VDOT's classification of Thirty Three as a non-responsible bidder and, thus, have forfeited review of the remainder of the district court's order. *See A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 369 (4th Cir. 2008).

4

automatically result in them losing future government contracts.  Furthermore, Plaintiffs did not allege that they have been unable to secure any work in providing snow removal services, such as a privately-owned shopping center refusing to hire them because of VDOT's non-responsibility finding.  *See id.* (holding that subcontractor "must show that his skills were rendered largely unmarketable as a result of the agency's acts" (alterations and internal quotation marks omitted)).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*